UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

Robert John Boss, dba Bob Boss Construction,      Case No. 11-44439
and Tuesdae June Boss, aka Tuesday Boss, aka      Chapter 7
Tuesdae Rhines, aka Tuesday Rhines,      Hon. Walter Shapero

    Debtors.
_____/

Timothy J. Miller, Trustee,      Adv. Pro. No. 12-04113

    Plaintiff,

v.

William Boss, Larry Boss, and
Jack Boss,

    Defendants.
_____/

## OPINION GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

The Chapter 7 trustee sought summary judgment authorizing him to sell a debtor's interest in real property, along with the interests of non-filing co-owners, pursuant to 11 U.S.C. § 363(h). The co-owners of the property filed a cross motion for summary judgment, arguing the statute does not permit such a sale in this instance. For the following reasons, the Court grants the trustee's motion and denies the co-owners' cross motion.

1

BACKGROUND

The Trustee, Timothy J. Miller, ("Plaintiff") filed this adversary proceeding seeking to sell real property pursuant to 11 U.S.C. § 363(h). The property in question is a lakefront vacation home in Traverse City, Michigan ("the Property"), which one of the joint debtors, Robert John Boss ("Debtor") co-owns with his three brothers ("Defendants"). It is unquestioned that the Property was conveyed to, and collectively owned by, Debtor and Defendants as "joint tenants with full rights of survivorship." Debtor and his wife filed a joint petition for Chapter 7 bankruptcy. Other than the Property, there are no assets available to the estate for the payment of creditors. Plaintiff moved for summary judgment and Defendants filed a cross motion for summary judgment. There is no factual dispute, but rather only a question of law.

DISCUSSION

I. Summary Judgment Standard

Federal Rule of Civil Procedure 56 provides the statutory basis for summary judgment, and is made applicable to adversary proceedings via Federal Rule of Bankruptcy Procedure 7056. Summary judgment is only appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Id. (emphasis original). A "genuine" issue is present "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. "The initial burden is on the moving party to demonstrate that an essential element of the non-moving party's case is lacking." Kalamazoo River Study

2

Grp. v. Rockwell Int'l Corp., 171 F.3d 1065, 1068 (6th Cir. 1999)(citing Anderson, 477 U.S. at 248). Because both Plaintiff and Defendants have moved separately for summary judgment, each party's burden of proof will be addressed respectively.

## II. Michigan's "Joint Tenancy with Full Rights of Survivorship"

Governing § 363(h) provides:

> Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a *tenant in common, joint tenant, or tenant by the entirety*, only if—
>
> (1) partition in kind of such property among the estate and such co-owners is impracticable;
> (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
> (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
> (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

(emphasis added). The § 363(h) referred-to tenancies are defined by applicable non-bankruptcy law, i.e. state property law. See Collier on Bankruptcy ¶ 363.08[3]; In re Sargent, 337 B.R. 661, 665-66 (Bankr. N.D. Ohio 2006). Michigan law recognizes a form of co-tenancy called "joint tenancy with full rights of survivorship," which the Michigan Supreme Court has referred to as follows:

> Michigan law recognizes two forms of joint tenancies. The first is of the type typically recognized in various jurisdictions. This joint tenancy is characterized by the four unities, that is, unity of interest, unity of title, unity of time, and unity of possession… The "joint tenancy" involved in this case, while unfortunately

3

> sharing the same appellation as the typical joint tenancy, is an interest of a different nature.

Albro v. Allen, 434 Mich. 271, 274-75 (1990)(internal citation omitted); see also Klooster v. City of Charlevoix, 488 Mich. 289 (2011); and Wilson v. Wilson, 2002 WL 31545995 (E.D. Mich. 2002)(both citing Albro).

The question here is whether the subject "joint tenancy with full rights of survivorship" can be classified as a "joint tenancy" for the purposes of § 363(h). Defendants characterize the "joint tenants with full rights of survivorship" interest as distinct and separate from "joint tenancy" listed in § 363(h), thus concluding that the statute is inapplicable and precludes the sought after sale. Plaintiff contends that Defendants are utilizing a "hyper-literal" reading to draw inappropriate legal distinctions between the two interests. There is no controlling authority within the Sixth Circuit on this issue. However, this Court concludes that § 363(h) empowers a trustee to sell interests owned as "joint tenancies with full rights of survivorship."

### A. The Legislative History § 363(h)

The legislative history states that "[s]ubsection (h) permits sale of a co-owner's interest in property in which the debtor had an undivided ownership interest **such as** a joint tenancy, a tenancy in common or a tenancy by the entirety." H.R. Rep. No. 95-595 at 346 (1977); S. Rep. No. 95-989 at 56 (1978)(emphasis added). One authority's statement of the § 363(h) standard includes the "such as" language from the legislative history. 2 Norton Bankr. L. & Prac. 3d. § 44:34. Another authority explicitly rejects this and states that "because the words 'such as' do not appear in section 363(h) itself, the section does not apply if the manner of holding property does not fall squarely within one of the three listed categories." Collier on Bankruptcy

4

¶ 363.08[3].

Plaintiff argues that the legislative history's phrase "such as" indicates that Congress listed the three most typical tenancies existing at common law, but did not intend to strictly limit a trustee's power of sale to the classic or ordinary joint tenancy. Defendants argue that because the interest is, under governing Michigan law, distinct and separate from that of the "joint tenancy" listed in § 363(h), and because the statute is clear, it is thus inappropriate to refer to the "such as" language in interpreting it, and therefore, Plaintiff cannot sell the Property in this instance.

*B. The Joint Tenancy with Full Rights of Survivorship: its Creation and Attributes*

This interest is created by express words of survivorship, as Michigan Land Title Standards (6th ed.) 6.4 states:

> A deed or devise to two or more persons, other than husband and wife, "as joint tenants with right of survivorship," "as joint tenants and to the survivor," "and to survivor," or "or to the survivor," or some variant thereof, creates a joint life estate in all of the grantees with remainder in fee to the survivor. The right of the surviving grantee or the assignee(s) of the grantee to full title cannot be divested by any act or omission of another grantee.

see also Albro, 434 Mich at 275 (citing several cases regarding the language that creates a "joint tenancy with full right of survivorship").

The term "joint tenancy" is defined in Black's Law Dictionary (9th ed. 2009) as a "tenancy with two or more coowners who take identical interests simultaneously by the same instrument and with the same right of possession." As is further noted by Black's Law Dictionary:

> The rules for creation of a joint tenancy are these: the joint tenants must get their interests at the same time. They must become entitled to possession at the same time. The interests must be physically undivided interests, and each undivided interest must be an equal fraction of the whole… The joint tenants must get their

5

interests by the same instrument… The joint tenants must get the same kinds of estates[.]

Michigan courts have variously described the nature and attributes of a "joint tenancy with full rights of survivorship," for instance, in Albro, the Michigan Supreme Court stated:

> At the crux of this case is the distinction between the "joint tenancy with full rights of survivorship" and the ordinary joint tenancy. The "joint tenancy with full rights of survivorship" is comprised of a joint life estate with dual contingent remainders. While the survivorship feature of the ordinary joint tenancy may be defeated by the act of a cotenant, the dual contingent remainders of the "joint tenancy with full rights of survivorship" are indestructible.

Albro, 434 Mich 271, 275-76 (internal citation omitted).

Other cases have stated that "[s]tandard joint tenancies, joint tenancies with full rights of survivorship, and tenancies by the entirety are all **forms of joint tenancy**." Zavradinos v. JTRB, Inc., 482 Mich. 858, 862 (2008)(emphasis added)(citations omitted). "In Michigan, there are **two types of joint tenancies**." Id. at 877 (emphasis added)(citing Albro). "Michigan law recognizes **two types of joint tenancy**: a "standard" joint tenancy, and an "indestructible" joint tenancy." TCP, L.L.C. v. Maia Faust, 2012 WL 2362403 (Mich. Ct. App. 2012)(emphasis added)(citing Albro). "[T]here is a significant distinction between a joint tenancy and a joint tenancy with full rights of survivorship. In fact, these two distinct **joint tenancies** have long been recognized in Michigan. Wrobel v. Wrobel, 2000 WL 33538546 (Mich. Ct. App. 2000) (emphasis added)(citations and footnote omitted).

This language indicates that the "joint tenancy with full rights of survivorship" is not an interest that is wholly separate and distinct from the ordinary "joint tenancy." The only distinguishing factor between the ordinary or classic joint tenancy and the joint tenancy involved here (i.e. that the latter cannot be destroyed by an act of a single co-tenant) does not, in this

6

Court's view, sufficiently remove it from the "joint tenancy" category envisioned by or referred to in § 363(h).[1]  This Court so concludes whether (a) it is entitled to look at the "such as" phrase in the legislative history (which more clearly supports such a conclusion because that language suggests that other kinds of co-tenancies akin to those specifically mentioned exist and are covered by the statute), or alternatively (b) one interprets the statutory language itself, without reference to the legislative history, as encompassing not only the ordinary or classic joint tenancy, but also another form or species of joint tenancy that, but for one attribute, is in all other material respects a joint tenancy.  One must presume that Congress was aware of the varying forms of co-tenancy that existed from state to state.  In light of such and in lieu of the difficult task of articulating all those forms in the statute, it is logical it chose instead to use broader language that encompassed its apparent general intent.  Supporting this conclusion is the view of this Court that § 363(h) is a remedial statute, essentially and generally designed to enable a trustee to realize sums for creditors in the various kinds of co-ownership situations it addresses.  To that end, the statute ought to be construed as to not be rendered inapplicable by reason of the narrow distinction found and argued in this case.

### C. *In re Livingston Distinguished*

In support of the proposition that a "joint tenancy with full rights of survivorship" is not covered by § 363(h), Defendants rely heavily on In re Livingston, 804 F.2d 1219 (11th Cir. 1986).  In re Livingston is not binding on this Court and is of limited persuasive value because it

---

[1] Interestingly, that distinguishing characteristic is also an important attribute of a tenancy by the entirety, a co-tenancy specifically denoted in § 363(h) as one subject to its sale provision.  One might thereby argue that characteristic would not appear to be a disqualifying factor or distinction in the interpretation of the statute.

7

can be distinguished for a number of reasons. That Court addressed whether the trustee had authority to sell interests in a co-tenancy that was unique to Alabama law and thus not listed in § 363(h).[2] The Court reasoned that "the bankruptcy statute is clear and unambiguous in its listing of the three § 363(h) cotenancies. This plain language forces the conclusion that the three cotenancies are the only three in which the co-owner's interest may be sold without his consent." Id. at 1222-23. It also was not persuaded by the legislative history's "such as" language, as it found the plain language of the statute controlling. Id. at 1223.

That Court reinforced its conclusion by discussing how the unique Alabama co-tenancy is different from the common law tenancies listed in § 363(h):

> Furthermore, a tenancy in common with cross-contingent remainders is different from either a common law tenancy in common or a common law joint tenancy. In a common law tenancy in common, there are no rights of survivorship, therefore, this is obviously not the same as the Livingston's interests. Their interests are more similar to a joint tenancy since both types of cotenancies have rights of survivorship. However, the rights of survivorship in a common law joint tenancy are destructible upon the sale of a co-tenant's interest… As previously stated, Ala.Code § 35-4-7 has been interpreted to construct a tenancy in common with a survivorship right which is statutorily indestructible. Therefore, Alabama designed this cotenancy with the specific purpose of creating a totally different type of estate than either a common law joint tenancy or a common law tenancy in common.

Id. at 1223 (internal citation and footnote omitted). Although In re Livingston distinguished the Alabama co-tenancy from an ordinary joint tenancy because it added an indestructible survivorship right, that context is not parallel to the one at hand, even though a "joint tenancy

---

[2] By way of background, that co-tenancy is the result of a legal anomaly. See generally In re Powell, 325 B.R. at 15. The Alabama Supreme Court had found the possibility of creating a co-tenancy called a "tenancy in common for life with cross-contingent remainders." Bernhard v. Bernhard, 278 Ala. 240 (1965). The cross-contingent remainders were indestructible, except with the consent of both co-tenants. That case was later overturned, but only *prospectively*. Nunn v. Keith, 289 Ala. 518 (1972). Thus, there exists a window between 1965 and 1972 where this unique co-tenancy could be created and remains valid under Alabama law.

8

with full rights of survivorship" similarly adds an indestructible survivorship right to the common law joint tenancy. The Alabama Supreme Court had held that a state statute intended to create a unique joint tenancy by adding the indestructible survivorship right to a tenancy in common (which had no survivorship right to begin with), whereas in the case at hand, the "joint tenancy with full rights of survivorship" was the result of a long-standing state common law recognition of what Michigan courts have referred to as *another form* of joint tenancy and which they have not described as co-tenancy specifically created to be distinct and separate from the ordinary joint tenancy.

### III. Plaintiff has Satisfied the Additional Requirements of § 363 (h)

Plaintiff has stated sufficient facts to satisfy the remaining requirements in the statute, which Defendants left largely uncontested. First, Plaintiff has argued that partition of the Property, which is a single family residence, is impracticable. Defendants have conceded this point. Defendants' Response to Plaintiff's Motion for Summary Judgment, Docket #11 at 2.

Next, Plaintiff has proven that "sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners." Plaintiff states he has obtained a third-party realtor's valuation of the Property, which he attached as an exhibit, and which estimates the market value between $425,000 and $475,000. Defendants have not questioned the accuracy of this valuation, nor provided an alternative valuation. It is highly unlikely that anybody outside the Defendants' family would be interested in purchasing a 25% co-ownership interest in the Property. Plaintiff states that he has unsuccessfully offered to sell Debtor's interest to Defendants, first for $100,000 and then for

9

$75,000. Defendants do not counter Plaintiff's position on this point. They raise no question of fact regarding this requirement.

Next is the issue of whether "the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners." Plaintiff argues that, because the sale of the Property as a whole would enable him to pay general unsecured creditors an estimated 75 cents on the dollar, the sale of the Property would be of great benefit to the estate. The only counterargument stated by Defendants is that they "deny the plaintiff's assertion that the sale of the property would benefit the estate more than it would serve as a detriment to the defendants as a result of depressed real estate values in northern Michigan." <u>Defendants' Response to Plaintiff's Motion for Summary Judgment</u>, Docket #11 at 2. Presumably, Defendants mean that if the Property is sold and the proceeds distributed based on each co-owner's interest, the amount that each co-owner will receive will be less than the value of the interest each was forced to surrender. However, Defendants do not provide any factual support for this assertion sufficient to counter a material element of Plaintiff's case for summary judgment. Defendants' bare, unsupported conclusion that Plaintiff has not met this requirement is insufficient to create a genuine issue of material fact. Because the co-owners use the Property as a vacation home, rather than a residence, and because Defendants apparently declined the opportunity to buy Debtor's 25% interest for as low as $75,000 (which is significantly less than 25% of the Property's appraised value), the Court views the potential benefit to the estate as significantly higher than the detriment to Defendants.

10

Lastly, the requirement that "such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power" is irrelevant as this is a vacation home.

### IV. The Summary Judgment Analyses

As noted, both Plaintiff and Defendants have moved for cross summary judgments and there are no factual disputes, but rather, only a question of law. It is clear that Plaintiff's motion for summary judgment must be granted. For the foregoing reasons, Plaintiff has met his burden of proving that Debtor's and Defendants' interests as "joint tenants with full rights of survivorship" are covered by § 363(h). All the remaining requirements of § 363(h) have been satisfied by Plaintiff, as he has provided sufficient factual support that was left largely uncontested by Defendants. Plaintiff may sell the Property pursuant to § 363(h) and all requirements incident thereto.

Defendants' motion for summary judgment must be denied. As a matter of law, Defendants have not met their burden in establishing that Plaintiff lacks the authority pursuant to § 363(h) to sell their interests in the Property because it is a "joint tenancy with full rights of survivorship" rather than an ordinary "joint tenancy." With regard to the remaining elements of § 363(h), Defendants have not provided any meritorious argument or factual underpinning for their summary judgment motion.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion for summary judgment and denies Defendants' motion for summary judgment. An order to this effect is being entered contemporaneously.

```
Signed on April 02, 2013
                                    /s/ Walter Shapero
                             Walter Shapero
                             United States Bankruptcy Judge
```